ORIGINAL
FILED

2009 DEC 11  P 3: 34

ADR

CLE...
...COURT

1   Linda Auerbach Allderdice [SBN 81275]
Tianjing Zhang [SBN 256759]
2   HOLLAND & KNIGHT LLP
50 California Street, 28th Floor
3   San Francisco, California  94111
Telephone: (415) 743-6900
4   Facsimile: (415) 743-6910
Attorneys for Defendant
5   Scitor Corporation, a Delaware Corporation

6

7   E-filing

8   **UNITED STATES DISTRICT COURT**

9   **NORTHERN DISTRICT OF CALIFORNIA**

10   **SAN JOSE DIVISION**

JF

11   WAYNE LUM, an individual,        No. C09  05828

12                    Plaintiff,

13   vs.                          **NOTICE OF REMOVAL OF CIVIL ACTION FROM THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SANTA CLARA**

14

15   SICTOR CORPORATION, a Delaware
Corporation, and DOES 1-50          28 U.S.C. §§ 1332, 1441 & 1446

16                    Defendants.

17

18

*Holland & Knight LLP*
*50 California Street, 28th Floor*
*San Francisco, CA  94111*
*Tel: (415) 743-6900*

19   **TO THE HONORABLE JUDGES AND CLERK OF THE COURT:**

20        **PLEASE TAKE NOTICE** that defendant, Sictor Corporation (hereafter "Sictor"),

21   pursuant to 28 U.S.C. § 1446(a), (b) and Local Rule 3-5, hereby files this notice to remove the

22   above-captioned action to this Court, and in support of such removal states as follows:

23        1.     *Basis for Removal.*  This action may be removed to this Court pursuant to the

24   provisions of 28 U.S.C. §§ 1332, 1441, and 1446.

25        2.     *Timeliness of Removal.*  On November 13, 2009, Plaintiff Wayne Lum

26   ("Plaintiff") served a complaint on Scitor's registered agent that had been filed in the Superior

27   Court for Santa Clara County, California, styled as *Wayne Lum v. Scitor Corporation,* Case No.

28   109CV157214 (the "State Court Action"). This Notice of Removal is being filed within 30 days

– 1 –

NOTICE OF REMOVAL                                    Case No. _____

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900

1   of service on Scitor of the complaint in the State Court Action, and therefore is timely filed

2   pursuant to 28 U.S.C. § 1446(b).  Furthermore, this Notice of Removal is being filed within 30

3   days of receipt by Scitor of the complaint in the State Court Action.

4         3.  *Jurisdiction.*  This action is a civil action of which this Court has original

5   jurisdiction under 28 U.S.C. § 1332.  Plaintiff Wayne Lum is a citizen of California.  *See*

6   Complaint ¶ 3, 7, 18 (Plaintiff admits that he is a resident of California and that he has been

7   residing and working in California for at least 11 years if not longer.)  Defendant Scitor is a

8   Delaware corporation with its principal place of business in Virginia.  Pursuant to 28 U.S.C. §

9   1332(c)(1), Scitor is a citizen of Delaware and Virginia, and there is diversity of citizenship

10  between the identified parties.  The fictitious defendants "DOES 1-50" are not identified or

11  named, nor is any specific conduct attributed to any of them, and each of those defendants is

12  alleged to be the agent of Scitor.  *See* Complaint ¶¶ 5, 6.  For the purpose of removal, the

13  citizenship of the "Doe" defendants is to be disregarded.  28 U.S.C. § 1441(a); *Newcombe v.*

14  *Adolf Coors Co.,* 157 F.3d 686, 690-91 (9th Cir. 1998).  The amount in controversy exceeds the

15  jurisdictional prerequisite of $75,000.00, in that Plaintiff seeks, among other damages, recovery

16  of lost income and employment benefits that at the time of Plaintiff's departure from Scitor

17  exceeded $175,000.00 annually.  *See* Complaint ¶¶ 19, 24, and Prayer for Relief.  At the time of

18  his departure, Plaintiff's annual salary exceeded $135,000.00, his bonus target was $5,000.00,

19  and the value of his fringe benefits provided by Scitor was approximately $37,000.00[1]

20  Additionally, Plaintiff seeks an award of compensatory and punitive damages.  *See* Complaint ¶¶

21  19, 24, and Prayer for Relief.  Plaintiff's prayer for both compensatory and punitive damages

22  satisfies the amount in controversy requirement.  *See Bell v. Preferred Life Assur. Soc. of*

23  *Montgomery, Ala.,* 320 U.S. 238 (1943) (both actual and punitive damages considered to

24  determine the amount in controversy); *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir.

25  Cal. 2001) ("It is well established that punitive damages are part of the amount in controversy in

26

27  [1]      Plaintiff's alleged damages are the type that can reasonably be anticipated to exceed $75,000.00 exclusive
of interest and costs.  *See, e.g., Turner v. Wilson Foods Corp.,* 711 F. Supp. 624, 626 (N.D. Ga. 1989); *Estevez-*
28  *Gonzalez v. Kraft, Inc.,* 606 F. Supp. 127, 129 (S.D. Fla. 1985); *Baker v. Firestone Tire & Rubber Co.,* 537 F. Supp.
244, 246-47 (S.D. Fla. 1982); *Lee v. Altamil Corp.,* 457 F. Supp. 979, 981 (M.D. Fla. 1978).

NOTICE OF REMOVAL                                 Case No. _____

1   a civil action.")  Because there is diversity of citizenship between all of the identified parties and

2   the amount in controversy exceeds $75,000.00, this court has original jurisdiction pursuant to 28

3   U.S.C. § 1332.

4       4.    *Intradistrict Assignment.*  Pursuant to 28 U.S.C. § 1391 and Local Rule 3-2(e),

5   venue is proper in the United States District Court for the Northern District of California, San

6   Jose Division.

7       5.    *Parties Joined.*  Upon information and belief, Scitor is the only defendant that has

8   been named in this action.  Since the identities of the Doe defendants are unascertainable, there is

9   no need to join any other defendant for the purpose of this removal.

10      6.    *Notice to Plaintiff and State Court.*  Scitor shall promptly give notice of this

11  removal to the Plaintiff's counsel and the Superior Court for Santa Clara County in which this

12  action has been pending.  A true and correct copy of the Notice of Removal from Santa Clara

13  Superior Court to United States District Court is attached as Exhibit A.

14      7.    *Copies of State Court Papers.*  Pursuant to 28 U.S.C. § 1446(a), copies of all

15  process, pleadings, and other papers filed in the state court are attached as Exhibit B.

16      8.    *Filing Requirements.*  Accompanying this notice are a Civil Cover Sheet and a

17  check in the amount of the required filing fee.

18      WHEREFORE, Scitor requests that this action now pending in the Superior Court for

19  Santa Clara County, California be removed to the United States District Court for the Northern

20  District of California, San Jose Division.

21

22  DATE: December 11, 2009

23      Linda Auerbach Allderdice
    Tianjing Zhang

24      Attorneys for Defendant Scitor Corporation

25

26  # 9030843_v2

27

28

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA  94111
Tel: (415) 743-6900

– 3 –

# EXHIBIT A

1    Linda Auerbach Allderdice [SBN 81275]
     Tianjing Zhang [SBN 256759]
2    HOLLAND & KNIGHT LLP
     50 California Street, 28th Floor
3    San Francisco, California  94111
     Telephone: (415) 743-6900
4    Facsimile: (415) 743-6910

5

6    Attorneys for Defendant
     Scitor Corporation, a Delaware Corporation

7

8            **SUPERIOR COURT OF CALIFORNIA**

9              **COUNTY OF SANTA CLARA**

10            **UNLIMITED JURISDICTION**

11    WAYNE LUM, an individual,       No.  109CV157214

12             Plaintiff,

13           vs.              **NOTICE OF REMOVAL FROM THIS COURT TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

14

15    SICTOR CORPORATION, a Delaware
     Corporation, and DOES 1-50

16

17            Defendants.

18

19    TO: PLAINTIFF AND HIS COUNSEL OF RECORD

20        Please take notice that Scitor Corporation has filed in the United States District Court for

21 the Northern District of California, San Jose Division, a Notice of Removal regarding this action,

22 a true and correct copy of which is attached hereto as Exhibit 1.  Pursuant to 28 U.S.C. §1446(d),

23 this action shall proceed no further unless and until it is remanded.

24

25 DATE: December 11, 2009

26                         Linda Auerbach Allderdice

27                         Tianjing Zhang
                         Attorneys for Defendant Scitor Corporation

28

   # 9031139_v2

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA  94111
Tel: (415) 743-6900

– 1 –

NOTICE OF REMOVAL                          Case No. 109CV157214

# EXHIBIT 1

1  Linda Auerbach Allderdice [SBN 81275]
2  Tianjing Zhang [SBN 256759]
   HOLLAND & KNIGHT LLP
3  50 California Street, 28th Floor
   San Francisco, California  94111
4  Telephone: (415) 743-6900
   Facsimile: (415) 743-6910
5  Attorneys for Defendant
   Scitor Corporation, a Delaware Corporation

6

7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11 WAYNE LUM, an individual,              No.

12                         Plaintiff,

13                                         NOTICE OF REMOVAL OF CIVIL
      vs.                                  ACTION FROM THE SUPERIOR COURT
14                                         OF THE STATE OF CALIFORNIA FOR
                                           THE COUNTY OF SANTA CLARA
15 SICTOR CORPORATION, a Delaware
   Corporation, and DOES 1-50
16                                         28 U.S.C. §§ 1332, 1441 & 1446
                         Defendants.
17

18

19 TO THE HONORABLE JUDGES AND CLERK OF THE COURT:

20       PLEASE TAKE NOTICE that defendant, Sictor Corporation (hereafter "Sictor"),

21 pursuant to 28 U.S.C. § 1446(a), (b) and Local Rule 3-5, hereby files this notice to remove the

22 above-captioned action to this Court, and in support of such removal states as follows:

23       1.     *Basis for Removal.*  This action may be removed to this Court pursuant to the

24 provisions of 28 U.S.C. §§ 1332, 1441, and 1446.

25       2.     *Timeliness of Removal.*  On November 13, 2009, Plaintiff Wayne Lum

26 ("Plaintiff") served a complaint on Scitor's registered agent that had been filed in the Superior

27 Court for Santa Clara County, California, styled as *Wayne Lum v. Scitor Corporation,* Case No.

28 109CV157214 (the "State Court Action").  This Notice of Removal is being filed within 30 days

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA  94111
Tel: (415) 743-6900

– 1 –

NOTICE OF REMOVAL                                    Case No. _____

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900

1   of service on Scitor of the complaint in the State Court Action, and therefore is timely filed

2   pursuant to 28 U.S.C. § 1446(b).  Furthermore, this Notice of Removal is being filed within 30

3   days of receipt by Scitor of the complaint in the State Court Action.

4        3.      *Jurisdiction.*  This action is a civil action of which this Court has original

5   jurisdiction under 28 U.S.C. § 1332.  Plaintiff Wayne Lum is a citizen of California.  *See*

6   Complaint ¶ 3, 7, 18 (Plaintiff admits that he is a resident of California and that he has been

7   residing and working in California for at least 11 years if not longer.)  Defendant Scitor is a

8   Delaware corporation with its principal place of business in Virginia.  Pursuant to 28 U.S.C. §

9   1332(c)(1), Scitor is a citizen of Delaware and Virginia, and there is diversity of citizenship

10  between the identified parties.  The fictitious defendants "DOES 1-50" are not identified or

11  named, nor is any specific conduct attributed to any of them, and each of those defendants is

12  alleged to be the agent of Scitor.  *See* Complaint ¶¶ 5, 6.  For the purpose of removal, the

13  citizenship of the "Doe" defendants is to be disregarded.  28 U.S.C. § 1441(a); *Newcombe v.*

14  *Adolf Coors Co.,* 157 F.3d 686, 690-91 (9th Cir. 1998).  The amount in controversy exceeds the

15  jurisdictional prerequisite of $75,000.00, in that Plaintiff seeks, among other damages, recovery

16  of lost income and employment benefits that at the time of Plaintiff's departure from Scitor

17  exceeded $175,000.00 annually.  *See* Complaint ¶¶ 19, 24, and Prayer for Relief.  At the time of

18  his departure, Plaintiff's annual salary exceeded $135,000.00, his bonus target was $5,000.00,

19  and the value of his fringe benefits provided by Scitor was approximately $37,000.00[1]

20  Additionally, Plaintiff seeks an award of compensatory and punitive damages.  *See* Complaint ¶¶

21  19, 24, and Prayer for Relief.  Plaintiff's prayer for both compensatory and punitive damages

22  satisfies the amount in controversy requirement.  *See Bell v. Preferred Life Assur. Soc. of*

23  *Montgomery, Ala.,* 320 U.S. 238 (1943) (both actual and punitive damages considered to

24  determine the amount in controversy); *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir.

25  Cal. 2001) ("It is well established that punitive damages are part of the amount in controversy in

26

27  [1]   Plaintiff's alleged damages are the type that can reasonably be anticipated to exceed $75,000.00 exclusive

28  of interest and costs.  *See, e.g., Turner v. Wilson Foods Corp.,* 711 F. Supp. 624, 626 (N.D. Ga. 1989); *Estevez-Gonzalez v. Kraft, Inc.,* 606 F. Supp. 127, 129 (S.D. Fla. 1985); *Baker v. Firestone Tire & Rubber Co.,* 537 F. Supp. 244, 246-47 (S.D. Fla. 1982); *Lee v. Altamil Corp.,* 457 F. Supp. 979, 981 (M.D. Fla. 1978).

– 2 –

NOTICE OF REMOVAL                                                          Case No.

a civil action.")  Because there is diversity of citizenship between all of the identified parties and the amount in controversy exceeds $75,000.00, this court has original jurisdiction pursuant to 28 U.S.C. § 1332.

4.    *Intradistrict Assignment.*  Pursuant to 28 U.S.C. § 1391 and Local Rule 3-2(e), venue is proper in the United States District Court for the Northern District of California, San Jose Division.

5.    *Parties Joined.*  Upon information and belief, Scitor is the only defendant that has been named in this action.  Since the identities of the Doe defendants are unascertainable, there is no need to join any other defendant for the purpose of this removal.

6.    *Notice to Plaintiff and State Court.*  Scitor shall promptly give notice of this removal to the Plaintiff's counsel and the Superior Court for Santa Clara County in which this action has been pending.  A true and correct copy of the Notice of Removal from Santa Clara Superior Court to United States District Court (***minus Exhibit 1 which is this document***) is attached as Exhibit A.

7.    *Copies of State Court Papers.*  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and other papers filed in the state court are attached as Exhibit B.

8.    *Filing Requirements.*  Accompanying this notice are a Civil Cover Sheet and a check in the amount of the required filing fee.

WHEREFORE, Scitor requests that this action now pending in the Superior Court for Santa Clara County, California be removed to the United States District Court for the Northern District of California, San Jose Division.

DATE: December 11, 2009

Linda Auerbach Allderdice
Tianjing Zhang
Attorneys for Defendant Scitor Corporation

# 9030843_v2

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA  94111
Tel: (415) 743-6900

– 3 –

# EXHIBIT A

1   Linda Auerbach Allderdice [SBN 81275]
    Tianjing Zhang [SBN 256759]
2   HOLLAND & KNIGHT LLP
    50 California Street, 28th Floor
3   San Francisco, California 94111
    Telephone: (415) 743-6900
4   Facsimile: (415) 743-6910

5

6   Attorneys for Defendant
    Scitor Corporation, a Delaware Corporation

7

8              **SUPERIOR COURT OF CALIFORNIA**

9                **COUNTY OF SANTA CLARA**

10                **UNLIMITED JURISDICTION**

11   WAYNE LUM, an individual,          No. 109CV157214

12               Plaintiff,

13                      **NOTICE OF REMOVAL FROM THIS**
        vs.                  **COURT TO UNITED STATES DISTRICT**
14                      **COURT FOR THE NORTHERN DISTRICT**
                     **OF CALIFORNIA, SAN JOSE DIVISION**
15   SICTOR CORPORATION, a Delaware

16   Corporation, and DOES 1-50

17               Defendants.

18

19   TO: PLAINTIFF AND HIS COUNSEL OF RECORD

20         Please take notice that Scitor Corporation has filed in the United States District Court for

21   the Northern District of California, San Jose Division, a Notice of Removal regarding this action,

22   a true and correct copy of which is attached hereto as Exhibit 1. Pursuant to 28 U.S.C. §1446(d),

23   this action shall proceed no further unless and until it is remanded.

24

25   DATE: December 11, 2009

26                     Linda Auerbach Allderdice

27                     Tianjing Zhang
                    Attorneys for Defendant Scitor Corporation

28

  # 9031139_v2

*Holland & Knight LLP*
*50 California Street, 28th Floor*
*San Francisco, CA 94111*
*Tel: (415) 743-6900*

– 1 –

NOTICE OF REMOVAL                    Case No. 109CV157214

# EXHIBIT B

 CT Corporation

**Service of Process Transmittal**
11/16/2009
CT Log Number 515731116

TO: Marianne Bundren
Scitor Corporation
2251 Corporate Park Drive, Suite 300
Herndon, VA 20171-

RE: **Process Served in California**

FOR: Scitor Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Wanye Lum, etc., Pltf. vs. Scitor Corporation, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit(s), Cover Sheet, Notice, Attachment(s) |
| **COURT/AGENCY:** | Santa Clara County, Superior Court, San Jose, CA<br>Case # 109CV157214 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Wrongful termination of employment on the basis of Disability - September 2009 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/13/2009 at 14:50 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - file written response // 04-6-2010 at 1:30 p.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Mark C. Thomas<br>Brownstein Thomas LLP<br>180 Montgomery Street, Suite 940<br>San Francisco, CA 94104<br>415-986-1338 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/16/2009, Expected Purge Date: 11/21/2009<br>Image SOP<br>Email Notification, Marianne Bundren mbundren@scitor.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

11/13/09
2:50p

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

E

2009 NOV 12 PM 1:42

David H. Yamasaki, Chief Executive Officer/Clerk
Superior Court of California
By: _____
A. FLORESCA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SCITOR CORPORATION, a Delaware Corporation, and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

WAYNE LUM, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Santa Clara Superior Court
191 North First Street, Santa Clara, CA 95113

CASE NUMBER:
*(Número del Caso)*
1 0 C V 1 5 7 2 1 4

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Brownstein Thomas, LLP - 180 Montgomery Street, Suite 940, San Francisco, CA 94104 - 415.986.1338

| DATE: | NOV 12 2009 | Clerk, by | DAVID H. YAMASAKI | , Deputy |
|-------|-------------|-----------|-------------------|----------|
| *(Fecha)* | | *(Secretario)* | Chief Executive Officer, Clerk A. FLORESCA | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Scitor Corporation, a Delaware Corporation

   under: ☑ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 11/13/09

Page 1 of 1

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
[American LegalNet, Inc.]

ENDORSED

2009 NOV 12 PM 1:42

A. FLORESCA

1 | BROWNSTEIN THOMAS, LLP
    MARK C. THOMAS SBN: 215580
2 | 180 Montgomery Street, Suite 940
    San Francisco, CA 94104
3 | 415-986-1338
    415-986-1231 facsimile
4 |
5 | Attorneys for Plaintiff
    Wayne Lum
6 |
7 |
8 |               SUPERIOR COURT OF CALIFORNIA
9 |                 COUNTY OF SANTA CLARA
10 |                 UNLIMITED JURISDICTION
11 |                              1 0 9 C V 1 5 7 2 1 4
12 | WAYNE LUM, an individual,         Case No.:
13 |            Plaintiff,            **COMPLAINT FOR DISABILITY
                                      DISCRIMINATION; AND FAILURE TO
14 |     vs.                          PROVIDE A REASONABLE
                                      ACCOMMODATION OR ENGAGE IN
15 |                                  THE INTERACTIVE PROCESS**
    SCITOR CORPORATION, a Delaware
16 | Corporation, and DOES 1-50,
17 |            Defendants.                    BY FAX
18 |
19 |     Plaintiff Wayne Lum (hereinafter "Plaintiff" or "Lum"), an individual, through his
20 | attorneys of record, hereby alleges and complains on information and belief as follows:
21 |                     __JURISDICTION AND VENUE__
22 |          1.    The Santa Clara County Superior Court has jurisdiction in this matter due
23 | to the alleged violations of the California Government Code against defendants occurred in the
24 | state of California.
25 |          2.    Venue as to each defendant is proper in this judicial district, pursuant to
26 | California Code of Civil Procedure Sections 395(a) and 395.5. Each defendant either maintains
27 | an office, transacts business, has an agent, or is found in the County of Santa Clara, and each
28 | defendant is within the jurisdiction of this Court for the purposes of service of process.

**PARTIES**

3.      Plaintiff is an individual over the age of eighteen (18) and at all relevant times, was a resident of California.

4.      Defendant Scitor Corporation (hereinafter "Scitor" or "Defendant") is a corporation organized under Delaware law, and authorized to do business in California. At all relevant times Defendant has been an employer subject to suit under the California Fair Employment and Housing Act ("FEHA").

5.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-50 and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is in some manner responsible in some manner for the occurrences herein alleged and that plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

6.      Plaintiff is informed and believes and thereon alleges that at all relevant times each of the defendants was the agent, employee, partner, joint venturer, of each of the remaining defendants, in doing the things hereinafter alleged they were acting within the course and scope of such agency, employment, partnership, and joint venture, and, they authorized, ratified, aided, abetted, encouraged, and counseled the doing of the things hereinafter alleged.

**GENERAL ALLEGATIONS**

7.      Lum commenced his career with Scitor in 1988. He was hired as a systems engineer, providing services to Scitor's customers. Lum excelled in his role as a systems engineer and was promoted to IT Manager, West Coast Operations in 1997. As the IT Manager, Lum supervised the day to day infrastructure operations at five geographic locations.

8.      Scitor performs work for the United States government. Approximately ten percent (10%) of Lum's work requires a government security clearance. Lum first obtained his government security clearance in 1983 while working for his previous employer. Approximately every five (5) years, the government reviews the security clearance by conducting extensive background checks.

9.      Starting in approximately 1993, the government required Lum to take a polygraph to maintain his security clearance.  Lum, who suffers from anxiety, had difficulty passing the polygraph because the polygraph cannot differentiate between anxiety caused by untruthfulness and general anxiety.  The first time Lum took the polygraph, he failed the test because of his anxiety.  Lum was eventually able to pass the polygraph.

10.      In or around 2001-2002, Lum was required to take another polygraph test.  Lum's anxiety made passing the test difficult.  Lum failed the test twice because of his anxiety, but he was able to pass the polygraph exam on his third attempt.

11.      In or around April of 2009, Lum was told he needed to take a polygraph to maintain his security clearance.  The polygraph exam was conducted in an extremely abusive and intimidating manner, which caused Lum to suffer an anxiety attack.  As a result of the anxiety attack, Lum did not pass the polygraph.

12.      In or around August of 2009, Lum was scheduled to retake the polygraph exam.  In the days leading up to the polygraph exam, Lum suffered from extreme anxiety, which caused him to have sleepless nights.   Lum's anxiety prevented him from taking the test.  Accordingly, Lum informed Scitor that he would not be able to take the polygraph exam because of his anxiety.  Lum notified Scitor that he planned to seek treatment to deal with his anxiety so that he would be able to take and pass the polygraph.

13.      The next week, Lum did seek treatment for his anxiety disorder.  Lum's therapist stated that with counseling he would be able to manage his anxiety disorder, and eventually pass the polygraph.

14.      In or around September 2009, Lum was told that he was scheduled to take the polygraph the next day.  Lum told Scitor that he could not take the polygraph the next morning because of his anxiety.  Lum explained that he was in treatment from a therapist to manage his anxiety and expects to be able to retake the test in a few months.  Scitor, however, refused to accommodate Lum's disability.  Despite over twenty years of dedicated service to Scitor, Scitor immediately terminated Lum.

1          15.    Lum exhausted all administrative requirements prior to filing this lawsuit.

2    A true and correct copy of Lum's Right to Sue Notice is attached hereto as Exhibit A.

3    **FIRST CAUSE OF ACTION**

4    **DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA**

5    **(Gov't Code § 12940 *et seq.*)**

6          16.    . Lum incorporates herein each of the foregoing paragraphs as though fully

7    set forth herein.

8          17.    The California Fair Employment and Housing Act prohibits discrimination

9    against employees with disabilities.  During the relevant time period, Lum suffered and/or was

10   regarded as suffering from anxiety, a physical and/or mental disability as defined by Government

11   Code Section 12926(i) and (k).

12         18.    Lum was employed by Scitor from 1988 until his employment was

13   terminated in September 2009.  Scitor terminated Lum's employment because of his disability in

14   violation of the Fair Employment and Housing Act.

15         19.    As a result of this unlawful termination and Scitor's illegal conduct, Lum

16   has suffered and will continue to suffer loss of income, loss of earning capacity, loss of

17   employment benefits, mental and emotional distress, and other damages in an amount according

18   to proof.

19         20.    In terminating Lum as described herein, Scitor acted with oppression,

20   fraud and malice, in conscious derogation of Lum's rights under applicable law.  Lum is entitled

21   to punitive damages in an amount to be determined at trial, which amount would be appropriate

22   to punish or set and example of Scitor.

23       WHEREFORE, Plaintiff prays for relief as set forth below.

24   ///

25   ///

26   ///

27   ///

28   ///

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE A REASONABLE ACCOMMODATION OR ENGAGE IN

## THE INTERACTIVE PROCESS

### (Gov't Code § 12940 *et seq.*)

21.     Lum incorporates herein each of the foregoing paragraphs as though fully set forth herein.

22.     The Fair Employment and Housing Act requires employers to provide reasonable accommodations to employees with a disabilities.  During the relevant time period, Lum suffered and/or was regarded as suffering from anxiety, a physical and/or mental disability as defined by Government Code Section 12926(i) and (k).

23.     In or around August of 2009, Lum informed Scitor that he was suffering from anxiety, which prevented him from passing the polygraph exam.  Lum informed Scitor that he was under the treatment of a therapist to manage his anxiety.  Scitor refused to engage in the interactive process to determine whether Lum's disability could be accommodated.  Instead, Scitor terminated Lum.  Scitor's failure to engage in the interactive process violates Government Code Section 12940(n).

24.     As a result of Scitor's illegal conduct, Lum has suffered and will continue to suffer loss of income, loss of earning capacity, loss of employment benefits, mental and emotional distress, and other damages in an amount according to proof.

25.     In conducting as described herein, Scitor acted with oppression, fraud and malice, in conscious derogation of Lum's rights under applicable law.  Lum is entitled to punitive damages in an amount to be determined at trial, which amount would be appropriate to punish or set and example of Scitor.

WHEREFORE, Plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1.     For compensatory damages in amounts to be determined at trial;

2.     For punitive damages in amount to be determined at trial;

1    3.      For pre-judgment interest to the extent permitted by law;

2    4.      For an award of attorneys' fees, costs and expenses incurred in the prosecution of

3    this action, pursuant to Code of Civil Procedure § 1021.5, and/or any other applicable provision

4    of law; and

5    5.      For such other and further relief as the Court may deem proper.

6

7                                                         BROWNSTEIN THOMAS, LLP

8    DATED: November 12, 2009

9

10                                                       MARK C. THOMAS
                                                         Attorneys for Plaintiff
11                                                       Wayne Lum

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                                    ARNOLD SCHWARZENEGGER, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2570 NORTH FIRST STREET, SUITE 480, SAN JOSE, CA 95131
(408) 325-0344
www.dfeh.ca.gov



November 12, 2009

LUM, WAYNE
63 PARAMOUNT TERRACE
SAN FRANCISCO, CA 94118

RE:  E200910G5130-00
     LUM/SCITOR CORPORATION

Dear LUM, WAYNE:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective November 12, 2009 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Marlene Massetti*

Marlene Masseti
District Administrator

cc:    Case File

KATHY DICKMAN
HUMAN RESOURCES
SCITOR, INC.
2251 CORPORATE PARK DRIVE, SUITE 300
HERNDON, VA 20171

DFEH-200-43 (08/06)

# * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH #  **E200910G5130-00**

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| **LUM, WAYNE** | **(415)935-5749** |

| ADDRESS |
|---|
| **63 PARAMOUNT TERRACE** |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **SAN FRANCISCO, CA 94118** | **SAN FRANCISCO** | **075** |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| **SCITOR CORPORATION** | **(408)745-8200** |

| ADDRESS | DFEH USE ONLY |
|---|---|
| **385 MOFFET PARK DRIVE, SUITE 210** | |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **SUNNYVALE, CA 94089** | **SANTA CLARA** | **085** |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month,day, and year) | RESPONDENT CODE |
|---|---|---|
| **1000+** | **09/12/2009** | **00** |

THE PARTICULARS ARE:

I allege that on about or before **09/12/2009**, the following conduct occurred:

- X termination
- ___ laid off
- ___ demotion
- ___ harassment
- ___ genetic characteristics testing
- ___ constructive discharge (forced to quit)
- ___ impermissible non-job-related inquiry

- ___ denial of employment
- ___ denial of promotion
- ___ denial of transfer
- X denial of accommodation
- ___ failure to prevent discrimination or retaliation
- ___ retaliation
- ___ other (specify) _____

- ___ denial of family or medical leave
- ___ denial of pregnancy leave
- ___ denial of equal pay
- ___ denial of right to wear pants
- ___ denial of pregnancy accommodation

by   **SCITOR CORPORATION**

Name of Person                    Job Title (supervisor/manager/personnel director/etc.)

because of :

- ___ sex
- ___ age
- ___ religion
- ___ race/color

- ___ national origin/ancestry
- ___ marital status
- ___ sexual orientation
- ___ association

- X disability (physical or mental)
- ___ medical condition (cancer or genetic characteristic
- ___ other (specify) _____

- ___ retaliation for engaging in protected activity or requesting a protected leave or accommodation

State of what you believe to be the reason(s) for discrimination

SCITOR REFUSED TO ACCOMMODATE AND TERMINATED ME BECAUSE OF MY DISABILITY.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated **11/12/2009**

At   **San Francisco, CA**

DATE FILED:   **11/12/2009**

DFEH-300-03o (02/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Mark C. Thomas (SBN 215580)<br>Brownstein Thomas, LLP<br>180 Montgomery Street, Suite 940<br>San Francisco, CA 94104<br>TELEPHONE NO: 415.986.1338   FAX NO: 415.986.1231<br>ATTORNEY FOR (Name): Plaintiff Wayne Lum | ENDORSED<br><br>2009 NOV 12 PM 1:52<br><br>David H. Yamasaki, Chief Executive Officer/Clerk<br>Superior Court of CA County of Santa Clara<br>BY_____<br>A. FLORESCA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara Superior Court
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Clara, CA 95113
BRANCH NAME:

| CASE NAME:<br>Lum v. Scitor, Inc. | |
|---|---|
| **CIVIL CASE COVER SHEET**<br>[✓] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | **Complex Case Designation**<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>**1 0 9 C V 1 5 7 2 1 4**<br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

BY FAX

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action (specify): 2
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 11.12.2009
Mark C. Thomas
_____(TYPE OR PRINT NAME)_____   ►_____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.

**ATTACHMENT CV-5012**

## CIVIL LAWSUIT NOTICE

CASE NUMBER: _____

**109CV157214**

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA  95113*

### PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

*DEFENDANT* (The person sued):  You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint,* using the proper *legal form or format,* in the Clerk's Office of the Court, within 30 days of the date you were served with the *Summons* and *Complaint* ;
2. You must have an adult other than yourself personally deliver or mail a copy of your written response to Plaintiff's attorney, or to Plaintiff if Plaintiff has no attorney; and
3. You must attend the first Case Management Conference.

    **Warning:  If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

*RULES AND FORMS:*  You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org  (Select "Civil") or from:

- State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):*  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

    *You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.*

---

*Your Case Management Judge is:* __Honorable James Emerson__    *Department:* __19__

*The 1ˢᵗ CMC is scheduled for:* (Completed by Clerk of Court)

         *Date:* ~~APR   6  2010~~ *Time:* __1:30pm__ *in Department:* __19__

*The next CMC is scheduled for:* (Completed by party if the 1ˢᵗ CMC was continued or has passed)

         *Date:* _____ *Time:* _____ *in Department* _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):*  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference.  Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

**CIVIL LAWSUIT NOTICE**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< Mediation is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

< Mediation may be appropriate when:
    < The parties want a non-adversary procedure
    < The parties have a continuing business or personal relationship
    < Communication problems are interfering with a resolution
    < There is an emotional element involved
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

< Neutral evaluation, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
    < The parties are far apart in their view of the law or value of the case
    < The case involves a technical issue in which the evaluator has expertise
    < Case planning assistance would be helpful and would save legal fees and costs
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

< Arbitration is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties, then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
    < The action is for personal injury, property damage, or breach of contract
    < Only monetary damages are sought
    < Witness testimony, under oath, needs to be evaluated
    < An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

< Civil Judge ADR allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
    < The parties have complex facts to review
    < The case involves multiple parties and problems
    < The courthouse surroundings would be helpful to the settlement process

< Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

< Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

Contact:
Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2704

---

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION

## PROOF OF SERVICE

*Wayne Lum v. Sictor Corporation*
**Superior Court of California, County of Santa Clara Case No.: 109CV157214**

I, BEVERLEY HUPPERT, declare and state as follows:

I am over the age of 18 years and not a party to the above-captioned action; that my business address is the law firm of Holland & Knight LLP located at 50 California Street, Suite 2800, San Francisco, California 94111-4624.

On December 11, 2009, I served the document(s) described below:

**NOTICE OF REMOVAL FROM THIS COURT TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

☒ **(BY HAND DELIVERY)** I caused a true copy of each document(s) to be delivered by hand to the office(s) by a registered agent of process to each addressee listed below.

on each of the parties to this action at the following address:

Mark C. Thomas, Esq.
BROWNSTEIN THOMAS, LLP
180 Montgomery Street, Suite 940
San Francisco, CA 94104
Tel: (415) 986-1338
Fax: (415) 986-1231
Email: mark@brownsteinthomas.com

Attorneys for Plaintiff WAYNE LUM

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I executed this document on December 11, 2009, at San Francisco, California.

BEVERLEY HUPPERT

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900

Proof of Service

Case No. CGC-09-487795

# EXHIBIT B

 CT Corporation

**Service of Process Transmittal**
11/16/2009
CT Log Number 515731116

TO: Marianne Bundren
Scitor Corporation
2251 Corporate Park Drive, Suite 300
Herndon, VA 20171-

RE: **Process Served in California**

FOR: Scitor Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Wanye Lum, etc., Pltf. vs. Scitor Corporation, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit(s), Cover Sheet, Notice, Attachment(s) |
| **COURT/AGENCY:** | Santa Clara County, Superior Court, San Jose, CA<br>Case # 109CV157214 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Wrongful termination of employment on the basis of Disability - September 2009 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/13/2009 at 14:50 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - file written response // 04-6-2010 at 1:30 p.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Mark C. Thomas<br>Brownstein Thomas LLP<br>180 Montgomery Street, Suite 940<br>San Francisco, CA 94104<br>415-986-1338 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/16/2009, Expected Purge Date: 11/21/2009<br>Image SOP<br>Email Notification, Marianne Bundren mbundren@scitor.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

11/13/09
2:50 P

SUM-100

# SUMMONS
## (CITATION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SCITOR CORPORATION, a Delaware Corporation, and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

WAYNE LUM, an individual

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

E

2009 NOV 12 PM 1:42

David H. Yamasaki, Chief Executive Officer/Clerk
Superior Court of California
By
Deputy

A. FLORESCA

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Santa Clara Superior Court<br>191 North First Street, Santa Clara, CA 95113 | CASE NUMBER:<br>*(Número del Caso)*<br><br>109 CV 157214 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brownstein Thomas, LLP - 180 Montgomery Street, Suite 940, San Francisco, CA 94104 - 415.986.1338

| DATE:<br>*(Fecha)* **NOV 12 2009** | Clerk, by<br>*(Secretario)* | DAVID H. YAMASAKI<br>Chief Executive Officer, Clerk A. FLORESCA, Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Scitor Corporation, a Delaware corporation

   under: ☑ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 11/13/09

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
American LegalNet, Inc.

ENDORSED

2009 NOV 12  PH 1: 42

A. FLORESCA

1   BROWNSTEIN THOMAS, LLP
    MARK C. THOMAS SBN: 215580
2   180 Montgomery Street, Suite 940
    San Francisco, CA 94104
3   415-986-1338
    415-986-1231 facsimile
4

5   Attorneys for Plaintiff
    Wayne Lum
6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF SANTA CLARA

10                       UNLIMITED JURISDICTION

11                                          1 09CV157214

12  WAYNE LUM, an individual,        Case No.:

13          Plaintiff,               COMPLAINT FOR DISABILITY
                                     DISCRIMINATION; AND FAILURE TO
14      vs.                          PROVIDE A REASONABLE
                                     ACCOMMODATION OR ENGAGE IN
15                                   THE INTERACTIVE PROCESS
    SCITOR CORPORATION, a Delaware
16  Corporation, and DOES 1-50,

17          Defendants.              BY FAX

18

19          Plaintiff Wayne Lum (hereinafter "Plaintiff" or "Lum"), an individual, through his

20  attorneys of record, hereby alleges and complains on information and belief as follows:

21                       JURISDICTION AND VENUE

22          1.      The Santa Clara County Superior Court has jurisdiction in this matter due

23  to the alleged violations of the California Government Code against defendants occurred in the

24  state of California.

25          2.      Venue as to each defendant is proper in this judicial district, pursuant to

26  California Code of Civil Procedure Sections 395(a) and 395.5. Each defendant either maintains

27  an office, transacts business, has an agent, or is found in the County of Santa Clara, and each

28  defendant is within the jurisdiction of this Court for the purposes of service of process.

**PARTIES**

3.      Plaintiff is an individual over the age of eighteen (18) and at all relevant times, was a resident of California.

4.      Defendant Scitor Corporation (hereinafter "Scitor" or "Defendant") is a corporation organized under Delaware law, and authorized to do business in California.  At all relevant times Defendant has been an employer subject to suit under the California Fair Employment and Housing Act ("FEHA").

5.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-50 and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is in some manner responsible in some manner for the occurrences herein alleged and that plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

6.      Plaintiff is informed and believes and thereon alleges that at all relevant times each of the defendants was the agent, employee, partner, joint venturer, of each of the remaining defendants, in doing the things hereinafter alleged they were acting within the course and scope of such agency, employment, partnership, and joint venture, and, they authorized, ratified, aided, abetted, encouraged, and counseled the doing of the things hereinafter alleged.

**GENERAL ALLEGATIONS**

7.      Lum commenced his career with Scitor in 1988.  He was hired as a systems engineer, providing services to Scitor's customers.  Lum excelled in his role as a systems engineer and was promoted to IT Manager, West Coast Operations in 1997.  As the IT Manager, Lum supervised the day to day infrastructure operations at five geographic locations.

8.      Scitor performs work for the United States government.  Approximately ten percent (10%) of Lum's work requires a government security clearance.  Lum first obtained his government security clearance in 1983 while working for his previous employer. Approximately every five (5) years, the government reviews the security clearance by conducting extensive background checks.

9.      Starting in approximately 1993, the government required Lum to take a polygraph to maintain his security clearance.  Lum, who suffers from anxiety, had difficulty passing the polygraph because the polygraph cannot differentiate between anxiety caused by untruthfulness and general anxiety.  The first time Lum took the polygraph, he failed the test because of his anxiety.  Lum was eventually able to pass the polygraph.

10.      In or around 2001-2002, Lum was required to take another polygraph test.  Lum's anxiety made passing the test difficult.  Lum failed the test the twice because of his anxiety, but he was able to pass the polygraph exam on his third attempt.

11.      In or around April of 2009, Lum was told he needed to take a polygraph to maintain his security clearance.  The polygraph exam was conducted in an extremely abusive and intimidating manner, which caused Lum to suffer an anxiety attack.  As a result of the anxiety attack, Lum did not pass the polygraph.

12.      In or around August of 2009, Lum was scheduled to retake the polygraph exam.  In the days leading up to the polygraph exam, Lum suffered from extreme anxiety, which caused him to have sleepless nights.   Lum's anxiety prevented him from taking the test.  Accordingly, Lum informed Scitor that he would not be able to take the polygraph exam because of his anxiety.  Lum notified Scitor that he planned to seek treatment to deal with his anxiety so that he would be able to take and pass the polygraph.

13.      The next week, Lum did seek treatment for his anxiety disorder.  Lum's therapist stated that with counseling he would be able to manage his anxiety disorder, and eventually pass the polygraph.

14.      In or around September 2009, Lum was told that he was scheduled to take the polygraph the next day.  Lum told Scitor that he could not take the polygraph the next morning because of his anxiety.  Lum explained that he was in treatment from a therapist to manage his anxiety and expects to be able to retake the test in a few months.  Scitor, however, refused to accommodate Lum's disability.  Despite over twenty years of dedicated service to Scitor, Scitor immediately terminated Lum.

1         15.     Lum exhausted all administrative requirements prior to filing this lawsuit.

2 A true and correct copy of Lum's Right to Sue Notice is attached hereto as Exhibit A.

3                 **FIRST CAUSE OF ACTION**

4    **DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA**

5                 **(Gov't Code § 12940 *et seq.*)**

6         16.    . Lum incorporates herein each of the foregoing paragraphs as though fully

7 set forth herein.

8         17.     The California Fair Employment and Housing Act prohibits discrimination

9 against employees with disabilities. During the relevant time period, Lum suffered and/or was

10 regarded as suffering from anxiety, a physical and/or mental disability as defined by Government

11 Code Section 12926(i) and (k).

12         18.     Lum was employed by Scitor from 1988 until his employment was

13 terminated in September 2009. Scitor terminated Lum's employment because of his disability in

14 violation of the Fair Employment and Housing Act.

15         19.     As a result of this unlawful termination and Scitor's illegal conduct, Lum

16 has suffered and will continue to suffer loss of income, loss of earning capacity, loss of

17 employment benefits, mental and emotional distress, and other damages in an amount according

18 to proof.

19         20.     In terminating Lum as described herein, Scitor acted with oppression,

20 fraud and malice, in conscious derogation of Lum's rights under applicable law. Lum is entitled

21 to punitive damages in an amount to be determined at trial, which amount would be appropriate

22 to punish or set and example of Scitor.

23     WHEREFORE, Plaintiff prays for relief as set forth below.

24 ///

25 ///

26 ///

27 ///

28 ///

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE A REASONABLE ACCOMMODATION OR ENGAGE IN

## THE INTERACTIVE PROCESS

### (Gov't Code § 12940 *et seq*.)

21.     Lum incorporates herein each of the foregoing paragraphs as though fully set forth herein.

22.     The Fair Employment and Housing Act requires employers to provide reasonable accommodations to employees with a disabilities.  During the relevant time period, Lum suffered and/or was regarded as suffering from anxiety, a physical and/or mental disability as defined by Government Code Section 12926(i) and (k).

23.     In or around August of 2009, Lum informed Scitor that he was suffering from anxiety, which prevented him from passing the polygraph exam.  Lum informed Scitor that he was under the treatment of a therapist to manage his anxiety.  Scitor refused to engage in the interactive process to determine whether Lum's disability could be accommodated.  Instead, Scitor terminated Lum.  Scitor's failure to engage in the interactive process violates Government Code Section 12940(n).

24.     As a result of Scitor's illegal conduct, Lum has suffered and will continue to suffer loss of income, loss of earning capacity, loss of employment benefits, mental and emotional distress, and other damages in an amount according to proof.

25.     In conducting as described herein, Scitor acted with oppression, fraud and malice, in conscious derogation of Lum's rights under applicable law.  Lum is entitled to punitive damages in an amount to be determined at trial, which amount would be appropriate to punish or set and example of Scitor.

WHEREFORE, Plaintiff prays for relief as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1.     For compensatory damages in amounts to be determined at trial;

2.     For punitive damages in amount to be determined at trial;

3.    For pre-judgment interest to the extent permitted by law;

4.    For an award of attorneys' fees, costs and expenses incurred in the prosecution of this action, pursuant to Code of Civil Procedure § 1021.5, and/or any other applicable provision of law; and

5.    For such other and further relief as the Court may deem proper.

BROWNSTEIN THOMAS, LLP

DATED: November 12, 2009

MARK C. THOMAS
Attorneys for Plaintiff
Wayne Lum

COMPLAINT FOR DAMAGES - 6

# EXHIBIT A

STATE OF CALIFORNIA - STATE AND CONSUMER SERV.    AGENCY                                          ARNOLD SCHWARZENEGGER, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2570 NORTH FIRST STREET, SUITE 480, SAN JOSE, CA 95131
(408) 325-0344
www.dfeh.ca.gov



November 12, 2009

LUM, WAYNE
63 PARAMOUNT TERRACE
SAN FRANCISCO, CA 94118

RE:   E200910G5130-00
      LUM/SCITOR CORPORATION

Dear LUM, WAYNE:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department
of Fair Employment and Housing (DFEH) has been closed effective November 12, 2009
because an immediate right-to-sue notice was requested. DFEH will take no further action
on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965,
subdivision (b), a civil action may be brought under the provisions of the Fair Employment
and Housing Act against the person, employer, labor organization or employment agency
named in the above-referenced complaint. The civil action must be filed within one year
from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity
Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this
DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act,
whichever is earlier.

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Marlie Massetti*

Marlene Masseti
District Administrator

cc:   Case File

KATHY DICKMAN
HUMAN RESOURCES
SCITOR, INC.
2251 CORPORATE PARK DRIVE, SUITE 300
HERNDON, VA 20171

# * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # __E200910G5130-00__

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| LUM, WAYNE | (415)935-5749 |

ADDRESS

63 PARAMOUNT TERRACE

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| SAN FRANCISCO, CA 94118 | SAN FRANCISCO | 075 |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| SCITOR CORPORATION | (408)745-8200 |

| ADDRESS | DFEH USE ONLY |
|---|---|
| 385 MOFFET PARK DRIVE, SUITE 210 | |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| SUNNYVALE, CA 94089 | SANTA CLARA | 085 |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month,day, and year) | RESPONDENT CODE |
|---|---|---|
| 1000+ | 09/12/2009 | 00 |

THE PARTICULARS ARE:

I allege that on about or before __09/12/2009__ , the following conduct occurred:

| | | |
|---|---|---|
| _X_ termination | ___ denial of employment | ___ denial of family or medical leave |
| ___ laid off | ___ denial of promotion | ___ denial of pregnancy leave |
| ___ demotion | ___ denial of transfer | ___ denial of equal pay |
| ___ harassment | _X_ denial of accommodation | ___ denial of right to wear pants |
| ___ genetic characteristics testing | ___ failure to prevent discrimination or retaliation | ___ denial of pregnancy accommodation |
| ___ constructive discharge (forced to quit) | ___ retaliation | |
| ___ impermissible non-job-related inquiry | ___ other (specify) _____ | |

by   **SCITOR CORPORATION**

| | Name of Person | Job Title (supervisor/manager/personnel director/etc.) |
|---|---|---|
| because of : | | |

| | | | |
|---|---|---|---|
| ___ sex | ___ national origin/ancestry | _X_ disability (physical or mental) | ___ retaliation for engaging in protected |
| ___ age | ___ marital status | ___ medical condition (cancer or | activity or requesting a protected |
| ___ religion | ___ sexual orientation | genetic characteristic | leave or accommodation |
| ___ race/color | ___ association | ___ other (specify) | |

State of what you believe to be the reason(s) for discrimination

SCITOR REFUSED TO ACCOMMODATE AND TERMINATED ME BECAUSE OF MY DISABILITY.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complaint Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  **11/12/2009**

At  San Francisco, CA

DATE FILED:  11/12/2009

DFEH-300-03o (02/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mark C. Thomas (SBN 215580)<br>Brownstein Thomas, LLP<br>180 Montgomery Street, Suite 940<br>San Francisco, CA 94104<br>TELEPHONE NO: 415.986.1338   FAX NO.: 415.986.1231<br>ATTORNEY FOR *(Name):* Plaintiff Wayne Lum | ENDORSED<br><br>2009 NOV 12  PH 1:52<br><br>David H. Yamasaki Chief Executive Officer/Clerk<br>Superior Court of CA County of Santa Clara<br>By_____<br>A. FLORESCA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara Superior Court
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Clara, CA 95113
BRANCH NAME:

| CASE NAME:<br>Lum v. Scitor, Inc. | |
|---|---|

| CIVIL CASE COVER SHEET<br>[✓] Unlimited   [ ] Limited<br>(Amount     (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>1 0 9 C V 1 5 7 2 1 4<br><br>JUDGE:<br><br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**BY FAX**

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [✓] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify):* 2
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 11.12.2009

Mark C. Thomas
_____     ▶ _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>[American LegalNet Inc.] |
|---|---|---|

ATTACHMENT CV-5012

## CIVIL LAWSUIT NOTICE

**Superior Court of California, County of Santa Clara**
**191 N. First St., San Jose, CA 95113**

CASE NUMBER: _____

**1 0 9 C V 1 5 7 2 1 4**

## PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

*DEFENDANT* (The person sued): You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint,* using the *proper legal form or format,* in the Clerk's Office of the Court, within 30 days of the date you were served with the *Summons* and *Complaint* ;
2. You must have an adult other than yourself personally deliver or mail a copy of your written response to Plaintiff's attorney, or to Plaintiff if Plaintiff has no attorney; and
3. You must attend the first Case Management Conference.

   **Warning:** If you, as the Defendant, do not follow these instructions, you may automatically lose this case.

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is: **Honorable James Emerson**        Department: **19**

The 1st CMC is scheduled for: (Completed by Clerk of Court)

          Date: **APR  6 2010**     Time: **1:30pm**     in Department: **19**

*The next CMC is scheduled for:* (Completed by party if the 1st CMC was continued or has passed)

          Date: _____   Time: _____   in Department _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

**CIVIL LAWSUIT NOTICE**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< Mediation is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

< Mediation may be appropriate when:
    < The parties want a non-adversary procedure
    < The parties have a continuing business or personal relationship
    < Communication problems are interfering with a resolution
    < There is an emotional element involved
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

< Neutral evaluation, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
    < The parties are far apart in their view of the law or value of the case
    < The case involves a technical issue in which the evaluator has expertise
    < Case planning assistance would be helpful and would save legal fees and costs
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

---

< Arbitration is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties, then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
    < The action is for personal injury, property damage, or breach of contract
    < Only monetary damages are sought
    < Witness testimony, under oath, needs to be evaluated
    < An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

< Civil Judge ADR allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
    < The parties have complex facts to review
    < The case involves multiple parties and problems
    < The courthouse surroundings would be helpful to the settlement process

< Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

< Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

Contact:
Santa Clara County Superior Court                         Santa Clara County DRPA Coordinator
ADR Administrator                                        408-792-2704
408-882-2530

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION

CV-5003 REV 8/08

1  Linda Auerbach Allderdice [SBN 81275]
   Tianjing Zhang [SBN 256759]
2  HOLLAND & KNIGHT LLP
   50 California Street, 28th Floor
3  San Francisco, California 94111
   Telephone: (415) 743-6900
4  Facsimile: (415) 743-6910
   Attorneys for Defendant
5  Scitor Corporation, a Delaware Corporation

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                 SAN JOSE DIVISION

11 WAYNE LUM, an individual,              No.

12                     Plaintiff,
                                          PROOF OF SERVICE
13
          vs.
14

15 SICTOR CORPORATION, a Delaware
   Corporation, and DOES 1-50
16
                     Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

*Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900*

— 1 —

NOTICE OF REMOVAL                    Case No. _____

## PROOF OF SERVICE

*Wayne Lum v. Sictor Corporation*
**Superior Court of California, County of Santa Clara Case No.: 109CV157214**

I, BEVERLEY HUPPERT, declare and state as follows:

I am over the age of 18 years and not a party to the above-captioned action; that my business address is the law firm of Holland & Knight LLP located at 50 California Street, Suite 2800, San Francisco, California  94111-4624.

On December 11, 2009, I served the document(s) described below:

**NOTICE OF REMOVAL OF CIVIL ACTION FROM THE
SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE
COUNTY OF SANTA CLARA**

☒      **(BY HAND DELIVERY)**  I caused a true copy of each document(s) to be delivered by hand to the office(s) by a registered agent of process to each addressee listed below.

on each of the parties to this action at the following address:

Mark C. Thomas, Esq.
BROWNSTEIN THOMAS, LLP
180 Montgomery Street, Suite 940
San Francisco, CA 94104
Tel: (415) 986-1338
Fax: (415) 986-1231
Email: mark@brownsteinthomas.com

Attorneys for Plaintiff WAYNE LUM

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I executed this document on December 11, 2009, at San Francisco, California.

_____
BEVERLEY HUPPERT

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA  94111
Tel: (415) 743-6900

Proof of Service                                               Case No. CGC-09-487795