Linda Auerbach Allderdice [SBN 81275]
Mark E. Baker [Admitted *Pro Hac Vice*]
Tianjing Zhang [SBN 256759]
HOLLAND & KNIGHT LLP
50 California Street, 28th Floor
San Francisco, California 94111
Telephone: (415) 743-6900
Facsimile: (415) 743-6910

Attorneys for Defendant
Scitor Corporation, a Delaware Corporation

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| WAYNE LUM, an individual,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>SCITOR CORPORATION, a Delaware Corporation, and DOES 1-50<br><br>　　　　　　Defendants. | No. C 09-05828 JF<br><br>**DECLARATION OF DONALD FISHER IN SUPPORT OF DEFENDANT SCITOR CORPORATION'S MOTION FOR CHANGE OF VENUE**<br><br>28 U.S.C. § 1404(a)<br><br>Date:　　March 26, 2010<br>Time:　　9:00 a.m.<br>Dept.:　　Courtroom 3, 5th Floor<br>Judge:　　Hon. Jeremy Fogel |

I, Donald Fisher, hereby declare and state as follows:

1. I am a resident of the Commonwealth of Virginia and am the current Corporate Personnel Security Manager for Scitor Corporation ("Scitor" or "the Company"). I provide this declaration in support of Scitor's Motion for Change of Venue under 28 U.S.C. § 1404(a). I have direct and personal knowledge of the facts set forth below and, if called and sworn as a witness, I would testify competently to the truth of these facts.

2. I have worked for Scitor since September 1995, and have served as Scitor's Corporate Personnel Security Manager since 1999. I have worked at Scitor's corporate headquarters in Herndon, Virginia throughout most of my tenure with the Company. I am

– 1 –

Decl. of Donald Fisher ISO Def. Scitor
Corporation's Motion for Change of Venue

Case No. C 09-05828 JF

regularly involved with the administration of Scitor's compliance with various security clearance requirements that apply to Scitor employees under security regulations and various contracts that Scitor has with the United States government's intelligence community. My duties include acting as an interface between the U.S. government's National Reconnaissance Office ("NRO") and Scitor employees on such matters as the processing of security clearance applications, issues and questions that arise under the security clearance process, monitoring and reporting of foreign travel/foreign contact by cleared personnel pursuant to various security requirements, polygraph examination matters, and requirements for employees to renew and maintain their security clearances. I regularly receive training and review government-issued legal and other materials on these matters. I also have responsibility for other security-related matters.

3. I work within Scitor's Security Department and report to Terry Wildermuth, Scitor's Director of Security. Corporate personnel within the Security Department work at Scitor's corporate headquarters in Herndon, Virginia.

4. Part of Scitor's work for the U.S. government intelligence community involves the operation and maintenance of classified top secret sensitive compartmentalized information computer networks. These networks are subject to strict security requirements and directives regarding who can access the networks, proper and improper use of the networks, locations of network hardware, audits, anti-virus updates, security patches, and other aspects of the networks. I have access to one of these classified networks and am personally familiar with the security restrictions applicable to the networks. One requirement is that any employee with access to such a classified network must have a Top Secret/Sensitive Compartmentalized Information ("TS/SCI") security clearance.

5. Employees who have Top Secret security clearances must renew those clearances every five years as directed by the government. For an employee holding a TS/SCI clearance, there is also a process that requires them to submit to a polygraph examination administered by a polygraph examiner employed by the NRO. I serve as the interface between the NRO and Scitor and its employees on security clearance renewals and related issues, including polygraph examinations. I use the term "interface" because the NRO has complete control over these

matters, including the entire polygraph examination process. Officials of the NRO, at the NRO's headquarters in Virginia, dictate who must take the polygraph examinations, when the examinations must be taken, the process for administering the examinations, and evaluation of the examination results. In addition, NRO officials in Virginia have complete control over what to do when an employee refuses to take a polygraph examination. Scitor must follow the directives of the NRO on all matters pertaining to polygraph examinations, and we at Scitor do not have the authority to decide when polygraph examinations will take place or who the examiner will be. We are given direction to follow when an employee refuses to cooperate with the polygraph examination process. For example, if an NRO official tells me that a particular employee must take a polygraph examination at a particular time, or that an employee must report for another examination, I relay that information to the employee and do not have the authority to over-ride the NRO's direction.

6. I regularly deal with officials of the NRO on matters pertaining to polygraph examinations, security clearances, and other security matters. The NRO officials who make decisions pertaining to these matters as they affect Scitor employees are all located at the NRO's Headquarters in Virginia. I deal with many of these officials on a regular basis in the course of my work for Scitor, particularly in the NRO Polygraph Office and Personnel Security Division, Customer Relations Branch ("PSD/CRB"). I am prohibited by security restrictions from publicizing the names of the NRO officials with whom I deal on these matters.

7. Scitor employee Wayne Lum held a NRO TS/SCI clearance. In April 2009, I received notification from the NRO Polygraph office that Mr. Lum needed to be scheduled for a polygraph examination. I provided Mr. Lum the contact information to set up his appointment, which he did. I was later contacted again by the NRO Polygraph Office and told that Mr. Lum needed to schedule another appointment because the previous polygraph examination was incomplete. After receiving this directive, I called Mr. Lum and left him a message that the NRO was requiring him to submit to another polygraph examination. I had various contacts with NRO personnel and Mr. Lum concerning Mr. Lum's polygraph examination. In the course of subsequent discussions with Mr. Lum, he stated that he wanted more time before taking the

– 3 –

examination, and I explained to him that I had no control over the timing of the examination and that he needed to follow the NRO's directives relating to the examination. Mr. Lum complained about the polygrapher's conduct in the partial examination he had begun in April, and I provided him with information on how to lodge a complaint with the NRO. Mr. Lum did file such a complaint, and it was reviewed by officials at the NRO's Virginia headquarters (in the NRO Polygraph Office) who found that the complaint had no merit. I was informed of the complaint and the NRO's findings by NRO officials in Virginia and relayed their findings to Mr. Lum. NRO officials in Virginia subsequently informed me that Mr. Lum still needed to appear for a polygraph examination but that he had failed to contact the NRO to schedule the examination.

8. In September 2009, I again spoke with Mr. Lum at the request of the government and told him that he needed to appear for the polygraph examination as NRO had directed and that, if he failed to do so, he could be de-briefed. "De-briefing" is the process by which Scitor carries out the NRO's directive to terminate an employee's security clearance, informs the employee of his or her continuing duties of confidentiality and secrecy, and obtains the employee's signature on various debriefing paperwork. When Mr. Lum ultimately refused to submit to a polygraph examination as the NRO had directed, NRO officials in Virginia decided that his security clearance should be revoked and directed Scitor to de-brief him. I was informed of this NRO decision by an NRO PSD/CRB official in Virginia, who told me that personnel in the NRO's Headquarters had made the decision and issued the directives as to Mr. Lum. After I received this directive from the NRO, I informed Terry Wildermuth and he handled the matter after that.

9. Based on my years of experience in dealing with the NRO on security clearance and polygraph examination matters, I am aware that decisions to revoke a Scitor employee's security clearance and to order a de-briefing are made by NRO officials at the agency's headquarters located in Virginia. Further, I am aware that NRO records pertaining to such matters are maintained at the NRO's Headquarters in Virginia.

///

///

– 4 –

Decl. of Donald Fisher ISO Def. Scitor
Corporation's Motion for Change of Venue

Case No. C 09-05828 JF

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12<u>ᵀᴴ</u> day of February, 2010, at Herndon, Virgina.

*Donald Fisher* (signature)
Donald Fisher

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900

— 5 —

Decl. of Donald Fisher ISO Def. Scitor
Corporation's Motion for Change of Venue

Case No. C 09-05828 JF

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900

# 9167092_v1

Proof of Service

Case No. C 09-05828 JF