BROWNSTEIN THOMAS, LLP
MARK C. THOMAS SBN: 215580
180 Montgomery Street, Suite 940
San Francisco, CA 94104
415-986-1338
415-986-1231 facsimile

Attorneys for Plaintiff
Wayne Lum

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WAYNE LUM, an individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SCITOR CORPORATION, a Delaware Corporation, and DOES 1-50,<br><br>　　　　　Defendants. | Case No.: C 09-5828 (JF)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO CHANGE VENUE**<br><br>Date: March 26, 2010<br>Time: 9:00 am<br>Dept.: Courtroom 3, 5th Floor<br>Judge: Hon. Jeremy Fogel |

## I. INTRODUCTION

Defendant's motion concedes that venue in the Northern District of California is appropriate. Instead, Defendant's motion is based on the flawed premise that the Eastern District of Virginia is a more convenient forum than the Northern District of California to litigate an employment dispute concerning a California resident who was employed in Sunnyvale, California. Defendant's motion should be denied because Defendant has not met its burden to prove Virginia is a more convenient forum for the parties or the witnesses. Lum is a California resident, and Scitor is a large corporation with an office in the Northern District. The majority of the witnesses, including Lum, his treating therapist, and a number of his former co-workers reside in the Northern District. Moreover, the interests of justice are not served by transferring a

California resident's employment discrimination case to Virginia. Therefore, the court should deny Defendant's motion.

## II. SUMMARY OF RELEVANT FACTS

Lum was born and raised in California. (Lum Decl.[1] ¶ 2). He has lived and worked in California his entire life. (Lum Decl. ¶ 2). In 1988, Lum was hired by Scitor to work in its Sunnyvale, California office. (Lum Decl. ¶ 2). Lum worked for Scitor in Sunnyvale, California from 1988 until he was unlawfully terminated in 2009. (Lum Decl. ¶ 2). Scitor is a large corporation with offices across the country, including: Herndon, Virginia; Colorado Springs, Colorado; Aurora, Colorado, Omaha, Nebraska; Sarasota, Florida; Los Angeles, California; Santa Maria, California; and Sunnyvale, California. (Lum Decl. ¶ 3).

Lum suffers from anxiety, a disability under the California Fair Employment and Housing Act ("FEHA"). Lum worked as an IT Manager for Scitor. (Lum Decl. ¶ 4). A small portion of Lum's job duties required a government security clearance. (Lum Decl. ¶ 4). Lum had a security clearance from 1983 until 2009. (Lum Decl. ¶ 3). The government required Lum to take a polygraph test to renew his security clearance. (Lum Decl. ¶ 4). In 2009, Lum's disability prevented him from taking the polygraph. (Lum Decl. ¶ 4). When Lum did not take the polygraph, the government revoked his security clearance. (Lum Decl. ¶ 6).

Lum notified Scitor of his disability and that he would seek treatment. (Lum Decl. ¶ 5). However, Scitor terminated Lum without considering whether any reasonable accommodation (such as a job restructuring or short term leave of absence) was reasonable. (Lum Decl. ¶ 6).

## III. ARGUMENT

Defendant has not met its burden to prove the Eastern District of Virginia is a more convenient forum than the Northern District of California. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) (The moving party has the burden of showing that the convenience of the parties and the witnesses and the interests of justice require transfer to another district.); *In re Volkswagen of America, Inc.*, 506 F.3d 376, 385 (5th Cir. 2007) (a transfer

---

[1] "Lum Decl." refers to the Declaration of Wayne Lum filed in Opposition to Defendant's Motion to Change Venue.

should only be ordered when the moving party proved the transferee forum is clearly more convenient). Section 1404(a) grants courts the discretion to transfer any civil action for the convenience of the parties, witnesses, or in the interests of justice where it might have been brought. See 28 U.S.C. § 1404(a). The purpose of section 1404(a) "is to prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

To prevail on a motion under section 1404(a), the moving party must prove that the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice." *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F.Supp. 503, 506 (C.D. Cal. 1992). To determine whether the convenience of the parties and witnesses and the interests of justice support transfer, courts consider numerous factors including: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *Williams v. Bowman*, 157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001).

The party seeking transfer must prove that when these factors are applied, the balance of convenience clearly favors transfer. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985) (Courts should not order a transfer unless the convenience and justice factors strongly favor venue elsewhere). Scitor has not met its burden to prove the balance of convenience and the interest of justice favor transferring this case to the Eastern District of Virginia. Accordingly, Defendant's motion should be denied.

### A. Plaintiff's Forum Selection is Entitled to Substantial Deference.

Lum has lived in California his entire life and currently resides in the Northern District. (Lum Decl ¶ 2, 9); *Warfield v. Gardner*, 346 F. Supp. 2d 1033, 1044 (D. Ariz. 2004) (plaintiff's choice of "home forum is to be given substantial deference"); *Ravelo Monegro v. Rosa*, 211 F.3d 509, 513 (9th Cir. 2000) (referring to the "strong presumption in favor of a domestic plaintiff's forum choice."). Furthermore, all of the facts giving rise to this employment

1  disability discrimination case occurred in the Northern District. Lum worked in Scitor's
2  Sunnyvale, California office for over 20 years. (Lum Decl. ¶ 2). Lum was in California when
3  he notified Scitor he suffered from a disability. (Lum Decl. ¶ 5). Lum was treated for his
4  disability in the Northern District. (Lum Decl. ¶ 5). Scitor refused to accommodate Lum's
5  disability while he was employed in the Northern District. (Lum Decl. ¶ 6). Scitor terminated
6  Lum's employment while he was employed in the Northern District. (Lum Decl. ¶ 6).
7  Defendant has not made "a strong showing of inconvenience to warrant upsetting the plaintiff's
8  choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.
9  1986) (courts afford considerable weight to a plaintiff's choice of forum in determining the
10 propriety of a motion to transfer) *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct.
11 839, 91 L. Ed. 1055 (1947) ("unless the balance is strongly in favor of the defendant, the
12 plaintiff's choice of forum should rarely be disturbed"). Accordingly, Lum's choice of forum
13 should not be disturbed.

**B. The Northern District of California is a More Convenient Forum for the Parties.**

15 Lum was born and raised in California and has never lived outside of California. (Lum
16 Decl. ¶ 2). He currently resides in the Northern District. (Lum Decl. ¶ 2). Scitor has numerous
17 offices in California, and has had an office in Northern California for over 20 years. (Lum Decl.
18 ¶ 2-3). Even though some of Scitor's employee witnesses reside in Virginia, the majority of
19 Lum's co-workers are found in the Northern District. (Lum Decl. ¶ 7-8). Lum's declaration
20 identified fourteen (14) of Lum's former co-workers who will be able to testify about the
21 security procedures in place at Scitor's Sunnyvale, California office, and how Lum's job duties
22 could be restructured to accommodate his disability. (Lum Decl. ¶ 7-8).

23 Litigating this case in Virginia would be extremely burdensome for Lum. *Van Dusen*,
24 376 U.S. at 645-46 (not enough for a defendant merely to show that he prefers another forum and
25 nor will transfer be allowed if the result is merely to shift the inconvenience from one party to
26 another). Plaintiff is of limited financial resources, which has only been compounded by his
27 unlawful termination. (Lum Decl. ¶ 9). If this case were transferred to Virginia, Lum would be
28 forced to hire a new attorney in Virginia, and bear the additional expense of litigating in

Virginia. (Lum Decl. ¶ 9). Scitor, on the other hand, is a large corporation with offices across the country, including Sunnyvale, California. *Miracle v. NYP Holdings, Inc.* (D. HI 2000) 87 F.Supp.2d 1060, 1073 (Where plaintiff is a private individual and defendant is a large corporation, defendant's assertions regarding monetary expense and difficulty litigating in a distant forum should be disregarded.). Its hardly inconvenient or unexpected for a corporation with an office in the Northern District to be subject to suit in the Northern District. Finally, the location of Scitor's corporate decision makers is of limited importance. "As the Ninth Circuit has noted on more than one occasion, 'in this era of fax machines and discount air travel,' it is not unreasonable to require a party to litigate in a distant forum." *Miracle*, 87 F.Supp.2d at 1073 citing *Panavision International, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998), *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1489 (9th Cir. 1993), and *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990). Therefore, the Northern District is a much more convenient forum for the parties.

### C. The Northern District of California is a More Convenient Forum for the Witnesses.

The only third party witnesses relevant to Lum's disability discrimination lawsuit either reside in the Northern District or have expressed willingness to travel to the Northern District. Lum was treated for his anxiety condition by Pauline Wan, a therapist in San Francisco. (Lum Decl. ¶ 5). Plaintiff expects Wan to testify about the treatment and Lum's anxiety disorder. Additionally, Terry McKinney, who was the security manager at Scitor's Sunnyvale office until he retired in January 2010, is expected to testify about the government's security measures at the Sunnyvale office. (Lum Decl. ¶ 7). This evidence will be relevant to show how my job duties could have been restructured to accommodate Lum's disability. Mr. McKinney has stated he would travel to the Northern District to testify for this case. (Lum Decl. ¶ 7).

Defendant did not specifically identify any non-party witnesses who reside outside of the Northern District. *Carolina Cas. Co. v. Data Broad. Corp.*, 158 F.Supp.2d 1044, 1049 (N.D. Cal. 2001) (to establish inconvenience to witnesses, the moving party must name the witnesses, state their location, and explain their testimony and its relevance.). The only third party witnesses

Scitor identified who were in Virginia were "NRO personnel." Scitor did not state the number of witnesses, their names, where they reside, and the substance of their testimony. Scitor did not provide any proof that these witnesses are not willing to travel to testify.

Furthermore, the testimony of the unidentified "NRO personnel" is only of limited relevance. Scitor's defense in this case is that it terminated Lum because his security clearance was revoked. The "NRO personnel" will only testify about why Lum's security clearance was revoked. However, this case is not about the government's decision to revoke Lum's security clearance. This case is about Scitor's refusal to accommodate Lum's disability. Thus, the most consequential issues are: (1) whether Lum is disabled; and (2) whether Scitor failed to provide a reasonable accommodation for Lum's disability. The "NRO personnel" do not have any knowledge of these issues. Accordingly, the Northern District of California is a more convenient forum that the Eastern District of Virginia.

### D. California has a Strong Interest in Providing a Forum for its Citizens to Vindicate Their Statutory Rights Under California Law.

California has a strong interest to provide a local forum for citizens to vindicate their statutory rights, and ensuring foreign corporations comply with California law. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (district courts may consider "the local interest in having localized controversies decided at home [and] the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action."). Lum is a California employee who was unlawfully terminated because his disability. Lum's complaint contains only causes of action that arise from California state law. California has a significant interest in enforcing its discrimination laws. Cal. Gov't Code § 12920. California also has a strong interest in providing its citizens with a forum in California in which its citizens can vindicate their rights under California law. *Id.* Finally, California has a strong interest to ensure foreign corporations with employees in California, follow California law. *Id.* Conversely, Virginia has little interest in providing a forum to litigate the rights of California employees for events which occurred in California. Therefore, California's public interest in this case supports venue in the Northern District.

### E. Cost Considerations Do Not Favor Venue In Virginia.

Defendant's claim that cost considerations Scitor's also argues the corporate records and documents that will be necessary for a trial are all located in Virginia. Scitor's identifies these documents only as "All personnel records relating to Mr. Lum, including records pertaining to his security clearance revocation and termination of employment..." However, Scitor has not stated the volume of these documents or why it would be so burdensome to have these documents transferred to California. These documents could easily be scanned onto a computer disk or digitally transferred to California for this case. Finally, the location of documents should not be afforded much weight in an employment case. Otherwise, any corporation could avoid venue in California merely by storing employee records out of state.

### F. The Northern District of California is More Familiar with California Employment Law than the Eastern District of Virginia.

The court should not transfer the case to Virginia because the Northern District of California is much more familiar with the California Fair Employment and Housing Act than the Eastern District of Virginia. *Van Dusen*, 376 U.S. at 645 ("There is an appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself."). California's Fair Employment Act has is more protective of an employees' rights than the American's with Disabilities Act or other comparable state laws. Specifically, the definition of a "disability" under California law is much broader than the Americans with Disabilities Act. Cal. Gov't Code § 12926.1(c) ("the Legislature has determined that the definitions of 'physical disability' and 'mental disability' under [California law] require a 'limitation' upon a major life activity, but do not require, as does the Americans with Disabilities Act of 1990, a 'substantial limitation.' This distinction is intended to result in broader coverage under [California law] than under that federal act."). The Northern District frequently handles California cases and is much more familiar with the California FEHA than Virginia courts.

Contrary to Defendant's assertion, the legal and policy issues associated with government security clearance requirements are not at issue in this case. As set forth above, the only issues are whether Lum is disabled, as defined by California law, and whether a reasonable accommodation was available. The Northern District is best equipped to address both legal issues. Defendant's motion should therefore be denied.

## IV.  CONCLUSION

The Northern District of California is the proper venue for an employment dispute involving an employee who worked in the Northern District. Defendant has not proved the Eastern District of Virginia is a more convenient forum than the Northern District of California. Therefore, Defendant's motion should be denied.

BROWNSTEIN THOMAS, LLP

DATED: March 5, 2010

MARK C. THOMAS
Attorneys for Plaintiff
Wayne Lum