1  Linda Auerbach Allderdice [SBN 81275]
2  Mark E. Baker [Admitted *Pro Hac Vice*]
   Tianjing Zhang [SBN 256759]
3  HOLLAND & KNIGHT LLP
   50 California Street, 28th Floor
   San Francisco, California  94111
4  Telephone: (415) 743-6900
   Facsimile: (415) 743-6910
5  Attorneys for Defendant
   Scitor Corporation, a Delaware Corporation
6

7              UNITED STATES DISTRICT COURT

8             NORTHERN DISTRICT OF CALIFORNIA

9                   SAN JOSE DIVISION

10  WAYNE LUM, an individual,            No.  C 09-05828 JF

11                      Plaintiff,

12                                       DEFENDANT'S REPLY TO PLAINTIFF'S
                                         OPPOSITION TO DEFENDANT'S
13          vs.                          MOTION FOR CHANGE OF VENUE

14  SCITOR CORPORATION, a Delaware       Date:    March 26, 2010
    Corporation, and DOES 1-50,          Time:    9:00 a.m.
15                                       Dept.:   Courtroom 3, 5th Floor
                        Defendants.      Judge:   Hon. Jeremy Fogel
16

17

18     A.    **Lum Does Not Deny That His Termination Was Precipitated By The
             Decisions And Actions Of Government Officials And Scitor Managers Who
19           Are All Located In Virginia.**

20         Plaintiff Wayne Lum admits three key facts:  (1)  "Lum had a security clearance from

21  1983 until 2009;" (2) "[t]he government required Lum to take a polygraph test to renew his

22  security clearance;" and (3) "[w]hen Lum did not take the polygraph, the government revoked his

23  security clearance."  Plaintiff's Opposition ("Opposition"), p. 2.  In admitting these facts, Lum

24  acknowledges the key facts underlying Scitor's motion for change of venue – *i.e.*, that this case

25  arises from Scitor's termination of Lum after officials of the United States government revoked

26  Lum's security clearance following his refusal to complete a polygraph examination.  Lum does

27  not dispute that all of those government officials are located in Northern Virginia, nor does he

28  dispute that the government required him to maintain his security clearance as a condition for

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA  94111
Tel: (415) 743-6900

– 1 –

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA  94111
Tel: (415) 743-6900

1   remaining employed with Scitor.  Lum does not dispute that all of the Scitor and government

2   witnesses involved with the security clearance requirements and decisions on Lum's personal

3   security clearance issues are located in Virginia.  He does not dispute that all of the Scitor

4   managers involved in the termination decision are located in Virginia.  Consequently, Lum

5   acknowledges that all of the key witnesses who will testify about the reasons and process for his

6   termination are in Virginia.

7         Lum's attempt to focus the Court's attention on the fact that he is a lifelong California

8   resident and that his therapist and day-to-day co-workers are in California is unavailing.  Where

9   Lum has lived is irrelevant to this case.  Likewise, his therapist's assessments and opinions are

10  immaterial given that he plainly failed to meet an essential qualification for his job – maintaining

11  his security clearance.  The key witnesses on the security clearance qualification issue are the

12  government officials and Scitor managers in Virginia.  Finally, the presence of Lum's co-workers

13  in California also is irrelevant, as Lum's job performance is not at issue and none of those

14  witnesses would have any testimony that is relevant to the polygraph examination issues and

15  security clearance revocation that led to Lum's termination.  By attempting to place these

16  witnesses in the case, Lum seeks to obscure the centrality of the witnesses who are in Virginia.

17   **B.     Lum's Selection Of A California Forum Is Not Entitled To Deference**

18          **Because The Facts Giving Rise To His Claim Did Not Arise There.**

19         Lum's contention that "all of the facts giving rise to this employment disability

20  discrimination case occurred in the Northern District" (Opposition, pp. 3-4) erroneously focuses

21  on facts that are inoperative and marginal to his claims.  The only reason that Lum lost his job is

22  that he refused to submit to a polygraph examination and thereby lost his security clearance,

23  which was a government-specified essential qualification for his job.  All of the witnesses and

24  documents with information concerning that set of issues are located in Virginia.  The fact that

25  Lum lived, worked, and allegedly received treatment for his alleged disability in California does

26  not entitle his forum selection to deference, because Scitor has shown that the overwhelming

27  weight of the relevant evidence is located in Virginia.  Further, under Fed. R. Civ. P. 45(a)(2)(A)

28  and (b)(2), the only way that Scitor can be assured of compelling the testimony of key third-party

– 2 –

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900

1    government witnesses is if the case is tried in Virginia.  Scitor has, to use the standard cited by

2    Lum, made "a strong showing of inconvenience to warrant upsetting the plaintiff's choice of

3    forum."  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

4    **C.     This Court Is Not A More Convenient Forum.**

5           While Lum argues that litigating in Virginia would be "extremely burdensome" for him

6    (Opposition, p. 4), he ignores the substantial inconvenience and cost to every other material

7    witness – and to the public because of the centrality of government witnesses in this case – that

8    will occur if this case is not transferred.  The considerably greater cost associated with flying

9    multiple witnesses from Virginia to California further weighs against Lum's argument that

10   litigating in Virginia would be "extremely burdensome."  Finally, the fact that Lum's claims

11   would be decided much sooner in the Eastern District of Virginia would add to the convenience

12   of Lum, Scitor, and all others concerned.[1]  *See* Opposition, p. 3 (noting that "the relative court

13   congestion and time of trial in each forum" is relevant in deciding a motion to transfer).[2]

14   **D.     Scitor Has Sufficiently Identified The Witnesses With Relevant Testimony.**

15          Scitor has provided ample testamentary evidence (in the form of the Declarations

16   attached to Scitor's Motion) establishing the importance of government contract requirements,

17   NRO directives, and Virginia-based NRO and Scitor personnel to this case.  Many of the Scitor

18   personnel have been specifically named and/or have submitted declarations in support of Scitor's

19   Motion.  Although Scitor has not named specific NRO personnel because of NRO-imposed

20   constraints on the public release of such information, Scitor's counsel will make every effort to

21   provide the names of specific NRO witnesses should this Court so direct.  Contrary to Lum's

22   assertions, Scitor has provided detailed information about the issues on which NRO personnel

23   will testify and has established that those personnel reside in Virginia.  *See* Declaration of

24   Donald Fisher, filed in support of Scitor's Motion.

25

26

27   [1]     The Eastern District of Virginia, known nationally as the "Rocket Docket," would likely provide a trial of Lum's claims by the end of 2010 based on that Court's typical scheduling practices.

28   [2]     Lum's claim of "limited financial resources" in support of his argument is suspect.  On information and belief, Lum owns and operates a successful badminton club that has been the subject of press reports.

– 3 –

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA  94111
Tel: (415) 743-6900

**E.     Lum Erroneously Understates The Importance Of NRO Requirements, Policy, And Personnel To This Case.**

Given that government requirements made holding a security clearance an essential qualification for Lum's job, and that he became unqualified for his job once he lost his clearance, the specifics of Lum's alleged disability and his alleged treatment are not material to this case. All that matters is that Scitor, faced with a government mandate founded on national security concerns, had to abide by that mandate. Because the NRO's directive to de-brief Lum was the sole precipitating cause of his termination, the NRO's witnesses and other evidence are critical to this case. It will serve justice, efficiency, and the public interest to have this case heard in the location where the NRO witnesses and their evidence can most readily and most assuredly be obtained.

**F.     Conclusion.**

For all of the reasons stated above, and in Scitor's motion and the supporting declarations, Scitor respectfully submits that the motion for change of venue should be granted and that this action should be transferred to the United States District Court for the Eastern District of Virginia, Alexandria Division.

Respectfully submitted,

HOLLAND & KNIGHT LLP

DATE:  March 12, 2010

Linda Auerbach Allderdice
Mark E. Baker [Admitted *Pro Hac Vice*]
Tianjing Zhang
Attorneys for Defendant Scitor Corporation

# 9263005_v1

– 4 –