**E-Filed 4/9/2010**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WAYNE LUM, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>SCITOR CORPORATION, a Delaware Corporation, and DOES 1-50,<br><br>    Defendants. | Case Number C 09-5828 JF<br><br>ORDER[1] DENYING MOTION TO TRANSFER VENUE<br><br>[re: docket no. 10] |

Defendant moves under 28 U.S.C. § 1404(a) to transfer venue to the Eastern District of Virginia. The Court has considered the moving papers, the declarations, and the oral arguments of counsel presented at the hearing on March 26, 2010. For the reasons discussed below, the motion will be denied.

**I. BACKGROUND**

On November 12, 2009, Plaintiff Wayne Lum ("Plaintiff") filed this action in the Santa Clara Superior Court, alleging that Defendant Scitor Corporation ("Defendant") failed to accommodate his disability and discriminated against him on the basis of his disability in violation the California Fair Employment and Housing Act ("FEHA"), Cal. Govt. Code § 12940

---

[1] This disposition is not designated for publication and may not be cited.

*et seq.* Defendant removed the action to this Court on December 11, 2009 and answered the complaint on December 18, 2009.

Plaintiff alleges that he was employed by Defendant from 1988 until his termination in September 2009. Complaint ¶¶ 7, 14. He had been the IT Manager of West Coast Operations since 1997. Complaint ¶ 7. Some portion of his work required a government security clearance. Complaint ¶ 8. Plaintiff initially was granted a clearance in 1983 while working for another employer. *Id.* The clearance must be renewed approximately every five years. *Id.* Beginning in 1993, the federal government required Plaintiff to take a polygraph test as part of the renewal process. Complaint ¶ 9. The government's National Reconnaissance Office ("the NRO") administers these polygraph tests. Plaintiff took a number of polygraph tests between 1993 and 2009. Complaint ¶¶ 9-12. He often failed the polygraph test on his first attempt. Complaint ¶¶ 9-11. Plaintiff alleges that he has difficulty passing the polygraph tests because he suffers from anxiety.

In April 2009, Plaintiff was required to renew his security clearance and failed the polygraph test. Complaint ¶ 11. He was scheduled to retake the test in August 2009, but he informed Defendant that he could not take the test in August because of his anxiety. Complaint ¶ 12. Plaintiff alleges that he told Defendant that he was seeking treatment for his anxiety and that he started receiving the treatment the following week. Complaint ¶ 12-13.

"In or around September 2009", Defendant informed Plaintiff that he would be required to retake the polygraph test the next day. Complaint ¶ 14. Plaintiff refused but expressed that he expected to be able to retake the test after a few additional months of treatment. *Id.* He alleges that he was immediately terminated. *Id.*

Plaintiff filed suit in November 2009, alleging that anxiety is a disability under FEHA, that Defendant failed to provide a reasonable accommodation for his disability, and that Defendant discriminated against him based on his disability. Defendant now moves under 28 U.S.C. § 1404(a) to transfer this case from this district to the Eastern District of Virginia ("EDVA").

## II. LEGAL STANDARD

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). A motion for transfer pursuant to § 1404(a) lies within the discretion of the court. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The decision whether to grant such a motion turns on the facts of the particular case. *Id*. It is undisputed that this action originally might have been brought in the EDVA because Defendant maintains an office in that district and Plaintiff is a citizen of California. As to convenience and the interests of justice, examples of the factors to be weighed in deciding a motion for transfer include: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; and (10) the relevant public policy of the forum state, if any. *Id*. at 498-99. The first and ninth factors do not appear to be relevant in this instance as the parties' dispute does not involve an agreement or contract.

## III. DISCUSSION

**A.      The state that is most familiar with the governing law**

Despite the fact that Plaintiff asserts claims under California state law, Defendant contends that the EDVA is a more appropriate forum. Defendant contends that Plaintiff's FEHA claims involve essentially the same legal principles as a claim under the Americans With Disabilities Act ("ADA"), the Rehabilitation Act, and Virginia's comparable state statutes. Plaintiff counters by pointing to an example of the differences between FEHA and the ADA:

> [T]he Legislature has determined that the definitions of "physical disability" and "mental disability" under the law of this state require a "limitation" upon a major life activity, but do not require, as does the Americans with Disabilities Act of 1990, a "substantial limitation." This distinction is intended to result in broader coverage under the law of this state than under that federal act.

Cal. Gov. Code § 12926.1. While there is no question that the EDVA can interpret California

3

law, courts within this district obviously are more familiar with California's statutory scheme than courts in another jurisdiction.

Defendant argues that judges in the EDVA are more familiar with the legal and policy issues associated with security clearance requirements and the operation of the NRO. The factual details of security clearance requirements and the operation of the NRO are at the heart of the instant matter. However, the *law* surrounding security clearance requirements and the NRO is not in dispute in this case. Moreover, to the extent that policy considerations regarding national security are relevant, courts in this district have substantial familiarity with such policies because of the presence of numerous defense related industries in this district. Accordingly, this factor disfavors transfer.

**B.     Plaintiff's choice of forum**

Ordinarily, a plaintiff's choice of forum is accorded substantial weight, and courts will not grant a motion under § 1404(a) unless the "convenience" and "justice" factors tip strongly in favor of transfer. *Florens Container v. Cho Yang Shipping*, 245 F.Supp.2d 1086, 1092 (N.D. Cal. 2002); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

**C.     The respective parties' contacts with the forum**

Defendant argues that both it and Plaintiff have significantly greater contacts with the EDVA. Defendant's corporate headquarters and personnel are located in Virginia. Defendant also contends that Plaintiff has had regular contact with Virginia in connection with business trips and other interactions with Defendant's personnel in Virginia. However, as Plaintiff points out, Defendant also maintains business operations and personnel in northern California, and Plaintiff's contacts with California are considerably more extensive than his contacts with Virginia. This factor disfavors transfer.

**D.     The contacts relating to the plaintiff's cause of action in the chosen forum**

Defendant argues that the vast majority of the conduct giving rise to this dispute occurred in Virginia and that, while Plaintiff was terminated in California, the decision to terminate him was made in Virginia. However, it is undisputed that Plaintiff performed his job functions from

4

1  California, and it is these job functions that he claims could have been altered to accommodate
2  his disability.  Further, Plaintiff received treatment for his anxiety in California.  It is unclear
3  from the pleadings where the polygraph tests were performed or were to be performed.  Under
4  these circumstances, this factor neither favors nor disfavors transfer.

5  **E.      The differences in the costs of litigation in the two forums**

6        Defendant contends that litigating this dispute would be considerably less expensive in
7  the EDVA than in this district.  Defendant asserts that several relevant witnesses are located in
8  Virginia, including its employees who were involved in the decision to terminate Plaintiff, its
9  employees who dealt directly with the NRO and Plaintiff regarding polygraph and clearance
10 issues, Plaintiff's direct supervisor, and NRO personnel.  Defendant submits the declarations of
11 three of its employees in Virginia who assert that they and other co-workers in Virginia have
12 knowledge of facts that are relevant to this action.  Obviously, conducting depositions and trial in
13 Virginia will be more cost-effective for these witnesses.  Defendant also contends that most
14 relevant documents are located in Virginia and that document production also would be more
15 cost-effective if performed in Virginia.  Finally, Defendant refers specifically to the EDVA's
16 reputation as having a "rocket docket", arguing that the case will proceed to trial more quickly in
17 the EDVA than in this district.

18       Not surprisingly, Plaintiff asserts that litigating in this district will be more cost-effective.
19 Plaintiff identifies fourteen former co-workers located in California whom he believes have
20 relevant information pertaining to the security measures in place at Defendant's northern
21 California office and how Plaintiff's job duties could be restructured to accommodate his
22 disability.  Although Defendant contends that the testimony of these witnesses is irrelevant, it
23 appears that whether Plaintiff's job functions could have been altered to accommodate his
24 alleged disability is a critical question.  Plaintiff also claims that document production will not be
25 significantly more costly if the case is litigated in this district because the documents easily could
26 be converted into an electronic format, if they do not exist in that format already.  Finally, he
27 claims that it would be "extremely difficult for [him] to pursue this action" in Virginia.
28 Plaintiff's Declaration, ¶ 9.

5

Case No. C 09-5828 JF
ORDER DENYING MOTION TO TRANSFER VENUE
(JFEX1)

1    This factor neither favors nor disfavors transfer. It appears that each party plans to call
2 witnesses who would be located outside of either forum. The EDVA indeed may have more
3 rocket to its docket, which could provide cost savings to both parties. However, it is not clear
4 whether those potential cost savings would outweigh the potential increase in costs to Plaintiff
5 that would result from litigating in a distant forum. "Section 1404 (a) provides for transfer to a
6 more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van*
7 *Dusen v. Barrack*, 376 U.S. 612, 646 (1964).

**F.    The availability of compulsory process**

Defendant argues that several key third-party witnesses are located in Virginia. As noted previously, Defendant expects to call several of its employees located in Virginia because they have knowledge of the decision to terminate Plaintiff and of Plaintiff's interactions with the NRO. However, Defendant's employees are not third-party witnesses, and compulsory process is unnecessary as to these individuals. More significantly, Defendant also expects to call NRO employees to testify about the polygraph examination procedures and their decision to revoke Plaintiff's security clearance.

Defendant does not provide the names of the NRO employees. *See Carolina Cas. Co. v. Data Broad. Corp.*, 158 F. Supp. 2d 1044, 1049 (N.D. Cal. 2001) (noting that "[t]o demonstrate inconvenience of witnesses, the moving party must identify relevant witnesses, state their location and describe their testimony and its relevance."). However, Defendant has stated the location of the NRO personnel and has described generally the testimony they could provide. Defendant explains that it has not named the NRO witnesses because it would be inappropriate to do so in a public document. Declaration of Donald Fisher, ¶ 6.

Plaintiff contends that the testimony of the NRO personnel is of limited relevance. He does not dispute that his security clearance was revoked because he refused to retake the polygraph test, and he argues that testimony from NRO personnel regarding their reasons for revoking his clearance is unnecessary. However, testimony regarding the nature of the polygraph tests and of Plaintiff's interactions with NRO personnel does appear to be relevant. Plaintiff claims that he is disabled and that his disability prevented him from participating in the

6

Case No. C 09-5828 JF
ORDER DENYING MOTION TO TRANSFER VENUE
(JFEX1)

polygraph tests.  Testimony regarding the polygraph test procedures relates directly to the issue of whether Plaintiff's alleged disability actually would have interfered with his ability to take the test.

Moreover, Plaintiff lodged a complaint with the NRO regarding the polygraph examination taken in April 2009.  Fisher Decl. at ¶ 7.  NRO officials reviewed the complaint and determined that it had no merit.  *Id.*  Testimony regarding Plaintiff's interaction with the NRO personnel in April 2009 could be quite relevant, as it may produce evidence that Plaintiff refused to retake the polygraph test in September 2009 for a reason other than his alleged disability.  Because Defendant's employees may not have personal knowledge of Plaintiff's interaction with the NRO in April 2009, testimony from the NRO personnel themselves may be necessary.

Plaintiff has identified fourteen former co-workers as potential witnesses with information as to how his job functions could have been altered to accommodate his alleged disability, and these co-workers either are located in or are willing to travel to this district.  Plaintiff's Decl. at ¶¶ 7-8.  While their testimony obviously could be relevant to the case, Plaintiff admits that he has spoken to only one of these individuals regarding their potential testimony.  Plaintiff's Decl. at ¶ 8.  Finally, Plaintiff's psychologist is located in San Francisco, California, Plaintiff's Decl. at ¶ 5, and her testimony is obviously important with respect to whether Plaintiff is disabled under FEHA.

Although it is a close question, the Court concludes that this factor neither favors nor disfavors transfer because each party plans to call critical third-party witnesses located outside of either forum.

**G.    The ease of access to sources of proof**

Plaintiff plans to call third-party witnesses located in California, and Defendant plans to call third-party witnesses located in Virginia.  Defendant claims that the bulk of documentary evidence is located in Virginia, which does favor transfer, but only slightly in light of the relative ease of transferring electronic evidence.

**H.    The relevant public policy of the forum state**

Both California and Virginia have strong public policies designed to prevent

7

1 discrimination on the basis of disabilities. Though its corporate headquarters is in Virginia,
2 Defendant also maintains an office in northern California. Plaintiff is a citizen of California, and
3 his claims are asserted under California law. Accordingly, California has a stronger public
4 interest in the adjudication of the instant dispute. This factor disfavors transfer.

## IV. CONCLUSION

While Defendant has raised a significant concern with respect to the availability of certain third-party witnesses, the other § 1404(a) factors either are neutral or favor Plaintiff. Plaintiff has chosen this forum, and his choice of forum is accorded substantial weight. Defendant has not shown that the interests of convenience and justice weigh strongly in favor of transfer. Accordingly, the motion to transfer will be denied.

**IT IS SO ORDERED.**

DATED: 4/6/2010

_____
JEREMY FOGEL
United States District Judge